MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
Travelers, in its cross-claim in intervention, sought a court determination that its subrogated interest was not partially satisfied by virtue of the transactions relating to the $50,000 sum.
After the Reno letter of February 3, 1976, the Abells, on March 1, 1976, as grantors, executed a Discretionary Revocable Trust Agreement at the First Federal Savings and Loan Association, Billings, Montana, naming James A. Reno, as trustee, and themselves as beneficiaries, and specifically reserved to themselves the power to revoke said trust at any time.
*161 On the same date, the $50,000 sum was invested in Savings Certificate #41105340, issued to James A. Reno, trustee for Diana M. Abell and Jesse Abell.
On May 21, 1981, the Abells, in answers to interrogatories, stated:
“I also did see this certificate when he first purchased it, so I know it was for real-.”
Reno obviously considered himself as trustee for the Abells with regard to said account. By letter, dated March 3, 1980, Reno stated:
“I am currently holder of Savings Certificate 0411-05340, as trustee for Diana M. Abell and Jesse Abell.”
In my view, the party resisting the motion had a duty to present evidence that a factual dispute did exist and did not do so.
The District Court properly determined that Reno acted as trustee for the Abells, and that any action Reno took with respect to the funds could not be considered as payment to Travelers.
I would affirm.